LORRAINE LAPRE & another vs. MANUEL SILVIA & another. June 5, 1972. In this action of tort, the female plaintiff, Lorraine Lapre, alleges injury sustained while riding as a guest in an automobile operated by the defendant Manuel Silvia and owned by his wife, the defendant Maquelina Silvia. Her husband, Edward A. Lapre, seeks consequential damages. The declaration contains allegations of gross negligence. The plaintiffs are here on an exception to the action of the judge in granting the defendants' motion for directed verdicts on the plaintiffs' opening. In the opening it was said that the Silvia vehicle was being driven westerly at an unstated speed when it ap-

proached the intersection of a road and Route 88 in Westport where there was a stop sign and a blinking red light," which faced . . . [Manuel Silvia]." Route 88 has a blinking yellow light facing southbound traffic. While the Silvia car did not stop for the stop sign, it did diminish its speed prior to entering the intersection. Half way across Route 88 Manuel Silvia saw another car "coming fast" and accelerated his vehicle to get out of the way. There was an intersection collision. There was no other traffic on the road immediately preceding the accident, and Route 88 was visible for a distance of 1,000 feet in the direction from which the second car was coming. Manual Silvia was familiar with the intersection. Nowhere was there any speed stated for the Silvia vehicle before or after it entered the intersection. He later said to the operator of the second car "that it was my fault," and that he had accelerated his car to get out of the way but "my car had no pep." This is not a case of gross negligence. The operator of the Silvia car was carelessly inattentive but does not seem to have been deliberately so. It does not appear that he voluntarily incurred an obvious risk, that he was impatient of reasonable restraint, or that he persisted in a palpably negligent course of conduct over an appreciable length of time. He may have been negligent but he was not grossly negligent. *McGrath* v. *G. & P. Thread Corp.* 353 Mass. 60, 62, and cases cited.

*Exceptions overruled.*

The case was submitted on briefs.
*John J. Harrington & James E. Holland* for the plaintiffs.
*John F. O'Donoghue* for the defendants.


